IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE SWEARINGTON,

       Plaintiff,                   No. CIV S-06-1407 GEB KJM P

   vs.

DR. WENDELL, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $112.76 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be
2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26  /////

1  The court finds the allegations in plaintiff's complaint so vague and conclusory
2  that the complaint fails to state a claim upon which relief can be granted.  Although the Federal
3  Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and
4  state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733
5  F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity
6  overt acts which defendants engaged in that support plaintiff's claim.  <u>Id</u>.  Plaintiff's complaint
7  must be dismissed.  The court will, however, grant leave to file an amended complaint.

8  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
10 <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
11 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
12 there is some affirmative link or connection between a defendant's actions and the claimed
13 deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
14 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
15 allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>
16 <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

17 To the extent plaintiff wishes to raise concerns regarding medical treatment, he
18 may wish to consult <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), in which the Supreme Court
19 held that inadequate medical care did not constitute cruel and unusual punishment cognizable
20 under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
21 medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said
22 that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be
23 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
24 cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980), citing <u>Estelle</u>,
25 429 U.S. at 105-06.  If he wishes to plead a retaliation claim, he is informed that if prison
26 officials retaliate against an inmate for the exercise of his constitutional rights, the prisoner may

3

1   have a viable claim under the civil rights act.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th
2   Cir. 2005) (elements of a retaliation claim are (1) an assertion that a state actor took some
3   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
4   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
5   not reasonably advance a legitimate correctional goal).

6               In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
8   amended complaint be complete in itself without reference to any prior pleading.  This is
9   because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
10  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12  original complaint, each claim and the involvement of each defendant must be sufficiently
13  alleged.

14               In accordance with the above, IT IS HEREBY ORDERED that:

15               1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16               2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
17  Plaintiff is assessed an initial partial filing fee of $112.76.  All fees shall be collected and paid in
18  accordance with this court's order to the Director of the California Department of Corrections
19  and Rehabilitation filed concurrently herewith.

20               3.  Plaintiff's complaint is dismissed.

21               4.  The Clerk of Court is directed to send plaintiff the form for use in filing civil
22  rights actions in this district.

23               5.  Plaintiff is granted thirty days from the date of service of this order to file an
24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
25  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
26  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  January 16, 2007.

_____
U.S. MAGISTRATE JUDGE

1
swea1407.14(6.23.06)