IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE SWEARINGTON,

    Plaintiff,                    No. CIV S-06-1407 GEB KJM P

    vs.

DR. WEDELL, et al.,

    Defendants.           <u>ORDER</u>

            Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Dr. Weiner (defendant) filed a motion for summary judgment on October 15, 2009. In the motion, defendant seeks summary judgment with respect to a "negligence" claim and any claim based on the allegation that defendant "failed to timely and properly diagnose and treat gynecomastia and properly perform a mastectomy." Def.'s Mem. P. & A. at 1.

            With respect to the first aspect of defendant's motion, there is no negligence claim before the court. On October 23, 2007, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A and found that this action would proceed against defendant Weiner, only on an Eighth Amendment claim.

/////

1

Moreover, the court does not construe plaintiff's complaint as stating a valid claim against defendant for failing to "properly diagnose and treat gynecomastia and properly perform a mastectomy." Rather the claim against defendant concerns a visit plaintiff had with him on August 18, 2004. In his amended complaint, plaintiff alleges:

1. Defendant performed plaintiff's mastectomy on January 31, 2002. Am. Compl. at 22, 44.

2. After the operation, plaintiff continued to suffer from serious and chronic pain in his chest. Id. at 22-23.

3. On or about August 18, 2004,[1] plaintiff met with defendant, whom he had not seen since the surgery. Id. at 25. Defendant asked initially, "[w]hat is he doing here?" He then stated, "I don't want to see you," and asked plaintiff why he was there. Plaintiff said he was there to see defendant about plaintiff's chest pain and for defendant to "examine the lumps that have come back." Defendant glanced at plaintiff and asked him to point to the location of the pain. Plaintiff pointed to the left side of his chest where the operation had been performed. Without examining plaintiff's chest manually, defendant stated that plaintiff had a heart problem and instructed the correctional officers to take plaintiff to the main hospital for an EKG, which plaintiff received. Id. at 25, 44-45.

4. Following the August 18, 2004 visit, plaintiff continued to complain to prison medical staff about plaintiff's serious chest pain. Id. at 25-26.

These allegations state a claim upon which this court could grant relief under the Eighth Amendment for defendant's deliberate indifference on August 18, 2004, to plaintiff's complaints of chest pain and lumps. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

/////

---

[1] It is not clear from plaintiff's complaint exactly what day plaintiff saw defendant. In paragraph 5 of his declaration attached to his motion for summary judgment, defendant identifies the day as August 18, 2004.

In light of the foregoing, the court will deny defendant's motion for summary judgment. However, the motion will be denied without prejudice to defendant Weiner's filing a motion for summary judgment directed at the claim described above.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant Weiner's motion for summary judgment (#46) is denied without prejudice; and

2. Defendant Weiner is granted twenty-one days within which to file a motion for summary judgment concerning the claim remaining against defendant Weiner described in this order.

DATED: February 10, 2010.

_____
U.S. MAGISTRATE JUDGE

1/ber
swea1407.57(a)